# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TOMISHA N. STEVENS | § | |
| | § | |
| V. | § | A-17-CV-543-LY |
| | § | |
| UNIVERSITY VILLAGE ASSISTED | § | |
| LIVING AND MEMORY CARE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 4) and Plaintiff's Response (Dkt. No. 11). The District Court referred the motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

On June 5, 2017, Plaintiff Tomisha Stevens filed this lawsuit against her former employer University Village Assisted Living and Memory Care University alleging disability discrimination, in violation of the American With Disabilities Act, 42 U.S.C. § 12102(1)(A) ("ADA"), sex discrimination in the form of a hostile work environment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964. Stevens, a lesbian who allegedly suffers from an unspecified bipolar disorder and anxiety disorder, worked in the kitchen of University Village from April 19, 2016, until June 16, 2016.

Stevens alleges that the kitchen manager at University Village, John Davis, made inappropriate comments to her about her sexual orientation. Specifically, Stevens alleges that during

her first week of employment, Davis asked her how she and her partner had conceived a child. When Stevens told David that they had used a sperm bank, Davis commented that "she should have just asked him and that he would have given her a free baby which would have saved her money." Dkt. No. 1 ("Complaint) at ¶ 12. On another occasion, Stevens commented during a lunch break that she "liked to eat" and Davis commented "I bet you like to eat . . . . I bet you do it well . . . better yet . . . I don't even want to know." *Id.* at ¶ 14. Stevens also alleges that Davis made repeated inappropriate sexual comments to other female employees. Stevens also contends that three coworkers also harassed her about her sexual orientation and mental disability. Stevens alleges that she informed Davis about the harassment from other employees but that the harassment continued until she eventually quit her job on June 16, 2016. Stevens contends she was constructively discharged "after being severely harassed by her coworkers and could no longer handle the harassment due to her disability." *Id.* at 25.

University Village moves to dismiss Steven's Complaint, arguing that it fails to state sufficient facts to state a plausible discrimination claim under the ADA. In addition, University Village argues that Stevens has failed to allege a viable hostile work environment claim or retaliation claim under Title VII. In her Response, Stevens her ADA and Title VII retaliation claims. The only claim remaining in therefore Stevens' hostile work environment claim under Title VII.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

Stevens' Complaint alleges that she was subject to a hostile work environment "in that she was consistently harassed and questioned by other employees, including her manager, about her sexual preference in being a homosexual female." Complaint at ¶ 31. University Village argues that Stevens has failed to allege a *prima facie* hostile work environment case based on sex since sexual orientation is not a protected class under Title VII. The Court agrees.

A plaintiff may establish a Title VII violation by proving that sex discrimination has created a hostile or abusive working environment. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). In order to establish a hostile working environment claim, a plaintiff must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *See Eaton-Stephens v. Grapevine*

*Colleyville Indep. Sch. Dist.*, 2017 WL 5325807, at *4 (5th Cir. Nov. 13, 2017); *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001).

Title VII provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Fifth Circuit has concluded that "Title VII in plain terms does not cover 'sexual orientation.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 270 n. 2 (5th Cir. 2015); *see also*, *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979) ("Discharge for homosexuality is not prohibited by Title VII or Section 1981."). District courts in the Fifth Circuit that have addressed the issue – including the undersigned – have followed this precedent and have dismissed Title VII claims based on sexual orientation.[1] Further, the majority of the circuit courts have similarly found that sexual orientation is not a protected class under Title VII.[2]

---

[1] *See e.g., Hamilton v. Henderson Control, Inc.,* 2016 WL 6892799, *2 (W.D. Tex. Nov. 22, 2016); *Brown v. Subway Sandwich Shop of Laurel, Inc.*, 2016 WL 3248457, * 3 (S.D. Miss. June 13, 2016); *Gaspari v. FMC Techs., Inc.*, 2016 WL 1055642, at *6 (S.D. Tex. Feb. 4, 2016); *Phipps v. Hous. Auth. of New Orleans*, 2016 WL 164916, at *5 (E.D. La. Jan. 13, 2016); *Walters v. BG Foods, Inc.*, 2015 WL 1926224, at *4 (E.D. Tex. Apr. 25, 2015); *Young v. Midlothian Indep. Sch. Dist.*, 2012 WL 1570132, at *1 (N.D. Tex. May 3, 2012).

[2] *See Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1256 (11th Cir. 2017) (holding that sexual orientation discrimination "is not actionable under Title VII."), *pet. for cert. filed*, – U.S.L.W.– (U.S. Sep. 7, 2017) (No. 17-370); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006) ("As is evident from the above-quoted language, sexual orientation is not a prohibited basis for discriminatory acts under Title VII."), *cert. denied*, 551 U.S. 1104 (2007); *Medina v. Income Support Div., New Mexico*, 413 F.3d 1131,1135 (10th Cir. 2005) (holding that employee failed to allege a viable hostile work environment under Title VII because she claimed discrimination because of sexual orientation, rather than sex); *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001), *cert. denied,* 534 U.S. 1155 (2002) ("It is clear, however, that Title VII does not prohibit discrimination based on sexual orientation."); *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000) (same); *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 259 (1st Cir.1999) (same); *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 751–52 (4th Cir. 1996)

Stevens argues that the Court should ignore Fifth Circuit precedent and the majority of courts that have addressed this issue and, instead, follow the Equal Employment Opportunity Commission decision on this issue, as well as a recent decision from the Seventh Circuit, both of which found that Title VII's prohibition against sex discrimination encompasses discrimination on the basis of sexual orientation.[3] But the Court is not bound by decisions from the EEOC or other circuits, *Wade v. Brennan*, 647 F. App'x 412, 416 (5th Cir. 2016), but it is bound to apply the holdings of the Fifth Circuit. As noted, that court has conclusively stated that discrimination on the basis of sexual orientation is not a form of discrimination under Title VII. Until the Fifth Circuit reverses itself, or the Supreme Court holds to the contrary, this Court must follow and apply Fifth Circuit precedent.

Based upon the foregoing, Stevens has failed to allege a plausible hostile work environment claim under Title VII because sexual orientation is not a protected class under Title VII recognized by the Fifth Circuit. Accordingly, Stevens has failed to allege a *prima facie* hostile work environment claim under Title VII and her case must be dismissed under Rule 12(b)(6).

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Court **RECOMMENDS** District Court **GRANT** Defendant's Motion to Dismiss (Dkt. No. 4) and **DISMISS** Plaintiff's ADA claim and Title VII retaliation claim based on Plaintiff's abandonment of those claims, and Plaintiff's Title VII hostile

---

(same), *cert. denied*, 519 U.S. 818 (1996); *Williamson v. A.G. Edwards & Sons*, 876 F.2d 69, 70 (8th Cir. 1989) (same), *cert. denied*, 493 U.S. 1089 (1990).

[3] *See Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339, 351-2 (7th Cir. 2017) (holding "that a person who alleges that she experienced employment discrimination on the basis of her sexual orientation has put forth a case of sex discrimination for Title VII purposes."); *Baldwin v. Fox*, EEOC Appeal No. 0120133080, 2015 WL 4397641, at * 10 (July 15, 2015) ("[W]e conclude that Complainant's allegations of discrimination on the basis of his sexual orientation state a claim of discrimination on the basis of sex within the meaning of Title VII").

work environment claim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE